HENRY MAYS *v.* WILLIAM C. BEATTY.

**Real Estate—Possession Under Preemption Claim—Bill of Exceptions.**
     While it may be true that the occupant of real estate under preemption entry has no such title that he may transfer the same by sale, he can legally pass his possession to another.

**Bill of Exceptions.**

>     Where there are numerous blanks in a bill of exceptions, the court of
> appeals cannot determine which instructions were given or which re-
> fused.

### APPEAL FROM ADAIR CIRCUIT COURT.

#### September 12, 1874.

OPINION BY JUDGE LINDSAY:

It is stated in the *caveat* that Beatty was in the actual possession
of the two tracts of land, at the time appellant caused the same to be
surveyed, and that he was claiming a pre-emption right to each of
them, the fifty-acre tract by virtue of his own actual occupancy, and
the one-hundred-acre tract by virtue of his purchase from Hicks.
It is true Hicks had not procured a plat and certificate of survey;
but it is averred that he actually appropriated the land, and that he
turned his possession over to Beatty's tenant. It is further averred
that appellant obtained the possession by buying out such tenant.

It may be true that until a plat and certificate of survey have been
procured, the occupant has no such title as he can transfer by bargain
and sale; but he can certainly pass his possession to another, who
will have the right to convert the amount under which the occupant
claims, into a patent, by making the entry, and by procuring plat and
certificate of survey. It is further alleged that appellant had notice
of all these facts; and that he fraudulently attempted to procure title
to the land, by means of his warrant, entry and survey.

Upon the trial of the action evidence was introduced by both par-
ties. The bill of exceptions fails to show that it contains all the testi-
mony. There are numerous blanks, intended to have been filled by
the insertion of exhibits and depositions, but which have never been
filled. We have no means of ascertaining which instructions were
given or refused. There are blanks in the bill of exceptions that
were intended to be filled by the insertion of certain instructions
given, and others asked for and refused, but they were never in-
serted. Following the bill of exceptions are certain papers, purport-
ing on their face to be exhibits, depositions and instructions, but we
cannot determine from anything before us that they constitute any
part of this record.

Under such circumstances this court cannot consider these papers.
We must, therefore, *affirm* the judgment of the circuit court.

*Garnett & Stuart, for appellant.*
*A. J. James, for appellee.*